**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RAUL C. ZAPATA,

      Plaintiff,

v.                                                  No. CIV-06-0952 MCA/KBM

ATTORNEY SUSAN PORTER,
STATE OF NEW MEXICO
PUBLIC DEFENDERS OFFICE,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis ("IFP"). For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the

allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names as Defendants an assistant public defender (Porter) assigned to represent Plaintiff in a state criminal prosecution and the New Mexico State Public Defender Office, which assigned Defendant Porter to the case.  Plaintiff alleges that Defendant Porter violated his right to effective assistance of counsel by filing an unauthorized motion for a competency determination.  No separate allegations are made against the Defendant Office.  The complaint seeks damages.

Plaintiff's allegations fail to state a claim on which relief can be granted against Defendant Porter.  A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and the deprivation was caused by a person acting "under color of state law."  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991).  In the absence of a factual basis for either element a complaint does not state a claim under § 1983.  *See, e.g., Baker v. McCollan*, 443 U.S. 137, 140 (1979) (stating that a civil rights complaint must allege a violation of a federally protected right); *Polk County v. Dodson*, 454 U.S. 312, 316 (1981) (noting that plaintiff must allege violation was committed by person acting "under color of state law").  Case law is clear that a public defender undertaking a defense does not act under color of state law for purposes of § 1983.  *See Polk County*, 454 U.S. at 325; *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995).  The Court will dismiss Plaintiff's claims against Defendant Porter.

Nor is relief available on Plaintiff's claims against Defendant New Mexico Public Defender Office.  "As we explained in *Harris*[, 51 F.3d at 905-06], 'a governmental entity that is an arm of the state for Eleventh Amendment purposes' is not a 'person' for section 1983 purposes.  Having sued [the Public Defender Office], [Plaintiff] has failed to state a claim against a person covered by section

1983." *McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000)  "In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997).  The Court will dismiss Plaintiff's § 1983 complaint with prejudice.  *But see Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court").

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE